*Mr. Gordon* moved to affirm the judgment, on the ground that no exceptions were filed. The statement on the face of the exceptions that the defendant appears and files exceptions is nothing, without a signature, as it is not the act of any one, either to bind him, or to require that it should be noticed by the other party, without signature.

The motion was resisted by *Mr. Johnson*, (who however, did not file the exceptions,) but the court affirmed the judgment, on the ground taken.

Judgment affirmed.

---

## GEORGE W. SPARKS *vs.* JOHN F. ZEBLEY.

Foreign attachment against one of several partners quashed, the others being residents.

FOREIGN attachment case. Bail in $500. Sheriff returns "nulla bona; afterwards attached lands, &c., on the 17th of November, as per inquisition." Rule on plaintiff to show his cause of action; and to show cause why the attachment should not be quashed, being issued against a resident.

On showing cause, it appeared that the cause of action was on a promissory note, given by Joseph Scott & Co., and indorsed to plaintiff; the company, consisting of three partners, viz: Scott, Zebley and another. The other two partners were residents of the State, Zebley was a non-resident.

*Mr. Patterson.*—The action will not lie against Zebley, one of the partners, alone; and we can avail ourselves of the plea, before entering bail. It is a summary statutory proceeding, and must be subject to be met summarily by what would amount to a good plea. (*Chi. Pl.*, 41; 1 *Saund. Pl. & Ev.*, 153, n., 1, 291, n., 4; 2 *Ib.*, 707.)

*Mr. Bates.*—The proceeding is irregular; the taking an objection, without appearing. I waive this.

2. The rule that all the partners shall be sued together is founded, not on the nature of the liability, but on grounds of convenience. It is the several, as well as the joint, obligation of the partners. The

defendant may plead the want of it in abatement; but he must suggest the names of the partners not sued. The objection, therefore, cannot be made in this form. (5 *Burr. Rep.*, 2611; 1 *Pet. Rep.*, 311.)

3. But whether one of several partners can be sued alone at the common law or not, he may by the express provision of our act of assembly. " All contracts by several shall be joint and several, unless otherwise expressly stipulated." (*Digest*, 225.)

There is nothing in the nature of a partnership contract to make it differ from other contracts in this respect.

Rule absolute.

*Patterson*, for plaintiff.
*Bates*, for defendant.

---

THOMAS DEAKYNE and A. G. DEAKYNE *vs.* HENRY DAVIS, Adm'r of E. LORE et al, terre tenants.

A. bought land of D. and executed a mortgage and bond for the purchase money, on which judgment was entered. He entered into possession as tenant in common with B. and C., instituted proceedings for partition and died. His son accepted the land, gave recognizance and paid it. D's. mortgage was then recorded. Held that the son took the land discharged from the mortgage; and that this was a good defence at law.

SCIRE FACIAS on a mortgage. Pleas—

1. A mortgage was executed by Auley Lore to plaintiffs, for $800, on the 1st of February, 1849. He held the land as tenant in common with other parties; and commenced proceedings in chancery for partition. He died in August, 1849. Henry Davis administered. The proceedings were continued, and at September term, 1849, Alfred Lore, the son, accepted the land in chancery, and entered into recognizance, which has since been paid. The mortgage was not recorded until after the acceptance by Alfred Lore, under which he took title, discharged of the mortgage, which was no lien. The effect of an assignment in the Orphans' Court is the same as if the land had been sold by Auley Lore, in his life time.